### TEXAS–NEW MEXICO SCHOOL DIST. NO. 1 et al. v. FARWELL INDEPENDENT SCHOOL DIST. et al.

No. 5655.

Court of Civil Appeals of Texas. Amarillo.

Nov. 27, 1944.

Cleo G. Clayton, of Amarillo, for appellants.

J. D. Thomas and Sam Aldridge, both of Farwell, for appellees.

PITTS, Chief Justice.

Appellants, Texas-New Mexico School District No. 1, acting through its board of trustees, both officially and individually, namely, W. H. Jarrell and Pearlie Singleterry of Parmer County, Texas, and R. R. O'Neal, Roy Patterson and W. D. Wilson of Curry County, New Mexico, joined by Glen Singleterry, S. J. Jarrell and E. H. Norton of Curry County, New Mexico, all of them being resident taxpayers of the Texas-New Mexico School District No. 1, filed suit against Farwell Independent School District and its trustees, Bovina Independent School District and its trustees, Lee Thompson, County Judge and ex officio School Superintendent of Parmer County, Texas, the County Board of School Trustees of Parmer County, Texas, and each member of the said board, and Buck Ellison, Joe Bell, Clarence Jones, Elmer Langford, Jack Parker, Walter Wagnon, and Frank P. Wilson, all of Parmer County, Texas, as individuals and as purported trustees of an alleged new school district consisting of that portion of the said Texas-New Mexico School District No. 1, situated within the confines of the State of Texas. Appellants alleged that the Texas-New Mexico School District No. 1 embraces territory situated in each of the two states and is a state-line school district and a body politic created by virtue of a compact between the states of Texas and New Mexico; that by Acts of the Legislatures of the two states the Governors of the two states were authorized in 1931 to negotiate and form a compact to permit the establishment of state-line school districts by joining together one or more districts situated in one of the said states and adjacent to, and contiguous with one or more districts situated in the other state; that pursuant to such authority such a compact was made and entered into between the said states and the same was ratified by the Legislatures of the two states; that the compact set out the purpose of the arrangement and provided for the creation of such

districts, for the naming of such districts, and for the operation and financing of schools in such state-line districts; that in compliance with the terms of the compact the Texas-New Mexico School District No. 1 was created embracing territory situated partly in the State of Texas and partly in the State of New Mexico and five directors or trustees were elected and schools were established with proper facilities and a competent teaching staff provided; that appellees had threatened to, and were then in the process of attempting to, abolish the said Texas-New Mexico School District No. 1 by detaching therefrom that portion of the said district situated in Texas and attaching it either to the Farwell Independent School District or a part of it to the said Farwell District and the remainder to the Bovina Independent School District and thus circumventing the provisions of the compact; and that unless appellees were immediately restrained by injunction they would proceed without legal authority to obviate and circumvent the provisions of the said compact between the states by the means alleged to the detriment of the Texas-New Mexico School District No. 1, and to an annual loss and damage thereafter sustained by it to the extent that the children residing in that portion of the said district situated in the state of New Mexico would be denied school privileges. Appellants prayed for a temporary injunction to restrain appellees from executing such alleged threats and for a permanent injunction upon a final hearing.

Appellees answered with a general denial; that the Acts of the Texas and New Mexico Legislatures attempting to create a compact as alleged by appellants were invalid, void, and in violation of the Texas Constitution; that the Texas-New Mexico School District No. 1 was not, at the time of filing this suit, a body politic, had no corporate existence and had not the legal right to sue and to maintain this suit, and prayed that this suit be abated and dismissed.

Upon calling the matter of a temporary injunction for a hearing on May 13, 1944, the trial court overruled appellee's plea in abatement and ordered the cause to proceed to trial upon its merits, to which action of the trial court appellees excepted. The matter of a temporary injunction was presented to the trial court, after which it was agreed by all parties that the hearing already had be considered a final hearing on the merits and that a final judgment may be rendered. In view of such agreement the trial court, after considering all pleadings, facts, and the argument of counsel, rendered a final judgment denying the application of appellants for an injunction upon the ground that the alleged compact and Act of the Texas Legislature approving the same were unconstitutional, from which judgment appellants perfected an appeal to this Court.

At the request of appellants, the trial court filed findings of fact and conclusions of law. The findings of fact are rather lengthy and are favorable to the claims of appellants and, in effect, are as follows: That the alleged compact authorized the creation of the state-line school district with a part of the territory comprising such a district situated in the State of Texas and a part of the said territory situated in the State of New Mexico, each part being contiguous to the other; that the compact was thereafter approved by the Legislatures of the two states; that provisions were made in the compact for the selection of directors or trustees of such districts and for the operation and maintenance of schools in such districts; that the Act of the Texas Legislature ratifying and approving the compact in question was passed by the Forty-fourth Legislature in 1935, and is found in the General and Special Laws of the said Legislature, page 516, chapter 220, and the Act of the Legislature of the State of New Mexico ratifying and approving such compact was passed March 14, 1933 and is found in chapter 110, page 213, being Senate Bill No. 243, Laws of 1933 of the said State; that the Texas-New Mexico School District No. 1 was created and established as provided for in the said approved compact and there has since been maintained a school in the said district; that the appellees named in person occupied the respective official positions as alleged by appellants and each resided in the respective county and state as alleged; that appellees were threatening to, and were in the process of attempting to, abolish the Texas-New Mexico School District No. 1 by detaching therefrom that portion of the said district situated in the State of Texas and consolidating it with the Bovina Independent School District; that an election had been held electing new school trustees to serve the purported new district as alleged by appellants; that the said new trustees had assumed control and

were asserting authority over the alleged new district, it being composed of the same territory as that portion of the Texas-New Mexico School District No. 1, situated in the State of Texas, and that the efficiency of that portion of the Texas-New Mexico School District No. 1 situated in the State of New Mexico and its ability to continue operation would be jeopardized and lowered if appellees succeeded in detaching that part of the said district situated in the State of Texas from the remainder of the said district. The conclusions of law filed by the trial court are unfavorable to the claims of appellants in that the said court held the Act of the Texas Legislature ratifying and approving the compact in question invalid for the reason that such Act is prohibited by article 7, section 3, of the State Constitution, Vernon's Ann.St., and for the further reason that the compact in question is contrary to and violates each of the following provisions of the State Constitution: Article 6, section 2; article 16, section 14; article 3, sections 51 and 56.

Appellants assign four points of error complaining that the trial court erred in its judgment in holding that the Act ratifying and approving the compact and the compact itself are unconstitutional. Appellees resist appellants' points of error and present one cross-assignment of error charging that the trial court erred in refusing to sustain their plea in abatement.

The said Act of the Texas Legislature includes the provisions of the said compact, all of which are too lengthy to copy in this opinion. It is material to state that the Act "ratifies, approves, adopts, and confirms the compact made and entered into by and between the representatives of the State of Texas and of the State of New Mexico on the 4th day of March, 1933, in pursuance to authority conferred by Act of the Forty-second Legislature, Chapter 251," and the provisions of the compact are therein copied. The compact sets forth the need for, and the means by which contiguous territory situated in the two states, respectively, and separated only by the state line may be joined together and made into one state-line school district; it also provides for the selection of five school directors or trustees, who shall have supervision and control of all schools, school sites, buildings, equipment and funds of the district and be given the power to employ and discharge teachers for the schools.

Appellants complain in their first point of error that the trial court erred in holding that the compact was unconstitutional in that it was in violation of article 7, section 3, of the Constitution of the State of Texas, and they "presume" in their brief that the trial court held the Act and the provisions of the compact to be in violation of article 7, section 3, of the Texas Constitution because the compact authorizes the use of revenue derived from the State of Texas for the support of schools situated in the State of New Mexico and they brief only that assumed position in connection with the holding of the trial court that the Act is invalid and violates article 7, section 3, of the State Constitution, but the trial court says in the conclusions of law filed, "Such Act is prohibited by article 7, section 3, of the Constitution of the State of Texas, which, in substance, limits the authority of the Legislature of the State of Texas, in the creation of school districts, to within the State of Texas." Appellees brief the question as presented by the conclusion of the trial court and we shall limit our discussion to the issue as stated by the trial court.

We find that prior to 1909 article 7, section 3, of the State Constitution, as amended in 1883, authorized "the formation of school districts within all or any of the counties of this state;" that in 1895, as amended in 1897, and again in 1901, the Texas Legislature by reason of the above constitutional provision enacted a law, article 616a, Revised Statutes 1895, authorizing the creation in Texas of county-line school districts, which districts may have embraced territory in one or more counties. In the case of Parks et al. v. West et al., 102 Tex. 11, 111 S.W. 726, 727, the constitutionality of article 616a, Revised Statutes 1895, and said amendments thereto, were attacked and the Supreme Court on June 17, 1908 held the said law unconstitutional and said in part: "The Constitution does not stop with the provision that the Legislature shall 'make suitable provision for the support and maintenance of an efficient system of public schools.' It contains many limitations as well as expressed provisions, which, while conferring power to do some specified things, operate as denials of authority to do other things. Among the latter is the provision in the amendment of 1883: 'And the Legislature may also provide for the formation of school districts within all or any of the

counties of this state.'" The court there applied the maxim, "Expressio unius est exclusio alterius" (the expression of one thing is exclusive of another). This rule of construction has long since been followed by the Texas courts in construing the constitutionality of statutes.

On August 3, 1909, followed by a proclamation on September 24, 1909, article 7, section 3, of the State Constitution was amended authorizing the formation of school districts by the Texas Legislature embracing "parts of two or more counties" and the Texas Legislature has since authorized the formation of contiguous county-line school districts by annexing, or grouping, or consolidating them. Article 7, section 3, was again amended on November 2, 1926, followed by a proclamation of date January 20, 1927, but the authority of the Texas Legislature to form or create school districts was still limited to "embrace parts of two or more counties."

■ Nowhere does the Texas Constitution authorize the State Legislature to form or create school districts embracing parts of two or more states. We believe the rule applied in determining the constitutionality of a similar expression in a similar statute by the Supreme Court in the case of Parks et al. v. West et al., supra, applies to the Act and compact in question in this case. In that case the court held that the provision of the Constitution in article 7, section 3, as it then existed, stating that "the Legislature may also provide for the formation of school districts within all or any of the counties of this state", did not authorize the Legislature to enact laws for the formation of school districts embracing territory situated in two or more counties. The said article 7, section 3, as amended in 1909 and again in 1927, and as it has since existed, provides that "the Legislature may also provide for the formation of school district(s) by general laws; and all such school districts may embrace parts of two or more counties * * *." Certainly, if the former provision of article 7, section 3, did not authorize the formation of county-line school districts embracing territory in two or more counties, the provision as amended and as it has since existed does not authorize the formation of state-line school districts embracing territory in two or more states. The "Expressio unius" rule, 39 Tex.Jur. 188, section 100, a rule of limitation heretofore referred to, and authorities there cited, apply to the Constitutional question raised in the instant case. For the reasons stated we believe the trial court correctly held that the Act, which includes the compact in question, is invalid and is in violation of article 7, section 3, of the State Constitution. We therefore overrule appellants' first point of error.

We believe the question raised in appellants' first point of error and as above disposed of is the controlling issue in this case. In view of our disposition made of the said point or assignment of error, we do not consider it necessary to pass on the other points or assignments of error made.

The judgment of the trial court is affirmed.